IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00735-EWN-MEH

ISMAEL MONTANO,
LIONEL PALACIO,
ADDISON KEATON,
EUGENE BAILEY,
PHIL DEHERRERA, and
CLARENCE WORTHEN, on their own behalf and on behalf of all others similarly situated,

    Plaintiffs,

v.

ELAINE L. CHAO, in her official capacity as Secretary of the United States Department of Labor, SHELBY HALLMARK, in his official capacity as Director of the Office of Workman's Compensation Programs of the United States Department of Labor, and
PETER M. TURCIC, in his official capacity as Director of the Division of Energy Employees Occupational Illness Compensation Program of the United States Department of Labor,

    Defendants.

---

### ORDER ON MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

---

Before the Court is Defendant's Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction [Docket #18]. The matter is briefed and has been referred to this Court for resolution [Docket #19]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **denies** the Motion to Stay.

This lawsuit concerns claims made by the Plaintiffs to the Department of Labor for compensation under the Energy Employees Occupational Illness Compensation Program Act of 2000. The Defendants have moved to dismiss the claims for lack of subject matter jurisdiction, primarily based on Defendants' assertion (not seriously contested by the Plaintiffs) that all of the named

Plaintiffs' claims with regard to handling of claims have been resolved, and full benefits have been awarded. The Court has granted limited discovery on the issues arising out of the motion to dismiss. Defendants now seek to stay all discovery pending the district judge's ruling on the potentially dispositive motion to dismiss, relying on the Court's "broad discretion to control the discovery process so as to best 'secure the just, speedy, and inexpensive determination of every action.'" Motion to Stay, at 4 (quoting Fed. R. Civ. P. 1).

The Court has read the briefing and is in general agreement with the sentiment expressed by the Motion to Stay, in particular, the Court's responsibility to keep costs down pending adjudication of the Court's subject matter jurisdiction. That is why the Court permitted only narrowly focused discovery. Despite Defendants' arguments for a complete stay of discovery, the Court does not believe that the limited discovery it has permitted is inconsistent with the intent of the Federal Rules. The main thrust of the Motion to Stay appears to be aimed at Defendants' concern that Plaintiffs will focus on class-based discovery rather than discovery that is tailored to the issues raised in the Motion to Dismiss, since the mootness analysis should focus on the claims of the named Plaintiffs and not potential class members. The Court believes that the proper remedy will be to closely monitor the discovery proposed by the Plaintiffs and be available on short notice to handle any allegation by Defendants that any proposed discovery exceeds the bounds of that permitted by the Court. Should any discovery disputes arise, the parties are encouraged to contact Chambers to set a telephonic status conference as soon as practicable.

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant's Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction [Filed September 5, 2007; Docket #18] is **denied**.

Dated at Denver, Colorado, this 19th day of September, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge