IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00735-EWN-MEH

ISMAEL MONTANO,
LIONEL PALACIO,
ADDISON KEATON,
EUGENE BAILEY,
PHIL DEHERRERA, and
CLARENCE WORTHEN, on their own behalf and on behalf of all others similarly situated,

     Plaintiffs,
v.

ELAINE L. CHAO, in her official capacity as Secretary of the United States Department of Labor,
SHELBY HALLMARK, in his official capacity as Director of the Office of Workman's Compensation Programs of the United States Department of Labor, and
PETER M. TURCIC, in his official capacity as Director of the Division of Energy Employees Occupational Illness Compensation Program of the United States Department of Labor,

     Defendants.
_____

**ORDER ON PLAINTIFFS' MOTION TO COMPEL DISCOVERY**
_____

Before the Court is Plaintiffs' Motion to Compel Discovery [Docket #49]. The matter is briefed and has been referred to this Court for resolution [Docket #50]. For the reasons stated below, the Court **grants in part** and **denies in part** the Motion to Compel.

**I.    Background**

This lawsuit concerns claims made by the Plaintiffs to the Department of Labor for compensation under the Energy Employees Occupational Illness Compensation Program Act of 2000 ("EEOICPA"). The Defendants have moved to dismiss the claims for lack of subject matter jurisdiction, primarily based on Defendants' assertion (not seriously contested by the Plaintiffs) that all of the named Plaintiffs' claims with regard to handling of claims have been resolved, and full

benefits have been awarded. The Court has granted limited discovery on the issues arising out of the motion to dismiss. This discovery was limited to the claims of the named Plaintiffs, rather than potential class members, "since the mootness analysis should focus on the claims of the named Plaintiffs and not potential class members." Dock. #18 at 2. The parties dispute the scope of limited discovery this Court allowed after denying Defendants' Motion to Stay Discovery (docket #18), and this motion followed.

Plaintiffs contend that discovery of the class members is necessary to establish the scope of Defendants' violations of EEOICPA and to confirm that the claims are capable of repetition yet evading review. Plaintiffs further seek discovery regarding Defendants' new procedures and the effectiveness of these procedures, as well as the Defendants' motivations in denying previous claims. Plaintiffs assert that they can establish that Defendants purposefully delayed claims to lower the costs of the overall program; thus, any new procedures must be tested to ensure they are effective.

In turn, Defendants contend that the discovery sought is overly burdensome, particularly given the fact that Defendants' Motion to Dismiss remains pending on the issues of both lack of subject matter jurisdiction and mootness.

**II.    Discussion**

    **A.    Legal standard for Motion to Compel**

The scope of evidence that is subject to discovery under the federal rules is broad:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial of the discovery appears reasonably calculated to lead to the discovery of admissible

evidence.

Fed. R. Civ. P 26(b)(1). Within this framework, the Court may limit discovery upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). While a stay of all discovery is generally disfavored in this District, *Chavez v. Youn Am. Ins. Co.*, No. 06-2419, 2007 U.S. Dist. LEXIS 15054 (D. Colo. Mar. 2, 2007), a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). In this case, the Court previously limited discovery to the named Plaintiffs and prohibited class discovery. Dock. #28. In doing so, the Court allowed discovery necessary to Defendants' Motion to Dismiss, the scope of which is the subject of this dispute.

### B. Plaintiffs' discovery requests

While Plaintiffs correctly point out that class discovery is not precluded prior to the filing of a motion for class certification, the circumstances of this case do not support class discovery at this time. Plaintiffs can cross the threshold of "capable of repetition yet evading review" through less burdensome means, such as arguments based on the effect of the policies on the named Plaintiffs and the efficacy of the changes in policy. The discovery contemplated by Plaintiffs as to potential class members is likely appropriate prior to class certification, but not prior to a ruling on Defendants' pending Motion to Dismiss based, in part, on lack of subject matter jurisdiction. In this regard, Plaintiff's reliance on *Kaufman v. American Family Mutual Ins. Co.*, No. 05-2311, 2006 U.S. Dist. LEXIS 71759 (D. Colo. Oct. 2, 2006), is misplaced. In *Kaufman*, the Court had previously ruled that no limitations would be placed on discovery, and Defendant's Motion to Dismiss was based on failure to state a claim, not a lack of jurisdiction or mootness. Accordingly, Plaintiffs' Interrogatories

3

numbered 1, 2, 5, 12, and 13, and Plaintiff's Requests for Production numbered 2, 3 (as to other than the named Plaintiffs), and 5 are **denied**.

Plaintiffs further seek communications and policies related to cost reduction of the EEOICPA program to establish Defendants' improper motive for denying the claims. This area of inquiry is likewise not relevant to Defendants' Motion to Dismiss. The jurisdictional and mootness issues, including the efficacy of the new procedures, can be addressed through adjudication of Defendants' Motion prior to this type of discovery. Accordingly, this discovery is beyond the scope of the Court's prior Order, and Plaintiffs' Interrogatories numbered 6 and 8 and Requests for Production numbered 4 and 6 are **denied**.

As to the effectiveness of the new policies and procedures, and the actions taken to implement them, Defendants argue that these new procedures are the reason that claims such as the named Plaintiffs are not capable of repetition. This is an area that Plaintiffs must be able to explore to respond to this portion of the mootness argument in Defendants' Motion to Dismiss. Plaintiff's Request for Production number 10 and Interrogatory number 7 are **granted**.

Plaintiff further seeks discovery on the named Plaintiffs who are now deceased. Defendants argue that their information is no longer relevant because their claims do not survive. In turn, Plaintiffs contend that this discovery is proper until these Plaintiffs are removed from the case. First, it is the obligation of Plaintiffs' counsel to file a Suggestion of Death, which cannot simply be ignored to obtain discovery. At that time, either party may seek substitution of the proper party in interest, if one exists. In any event, the Court sees no burden on Defendants in producing this discovery to Plaintiffs' counsel, given the fact that it is still within the scope of discovery allowed by Rule 26(b). While the Court exercised its discretion to prohibit discovery as to other beneficiaries at this stage

4

of litigation, in part based on the burden to Defendants, no such reasoning supports withholding these documents that have already been gathered by Defendants. Accordingly, Plaintiff's Motion is **granted** as to the documents withheld based on the death of certain named Plaintiffs.

Plaintiffs also seek their reasonable fees and costs for this motion. Based on the limited relief granted by the Court, such an award is not appropriate, and the request for sanctions is denied.

**III.	Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiffs' Motion to Compel Discovery [Filed December 6, 2007; Docket #49] is **granted in part** and **denied in part**. Defendant shall produce the documents directed herein on or before **January 7, 2008**.

Dated at Denver, Colorado, this 21st day of December, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge