IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-00735-EWN-KMT


ISMAEL MONTANO,
LIONEL PALACIO,
ADDISON KEATON,
EUGENE BAILEY,
PHIL DEHERRERA, and
CLARENCE WORTHEN,
on their own behalf and on behalf of all others similarly situated,

       Plaintiffs,

v.

ELAINE L. CHAO, in her official capacity as Secretary of the United States Department of
Labor,
SHELBY HALLMARK, in his official capacity as Director of the Office of Workman's
Compensation Programs of the United States Department of Labor, and
PETER M. TURCIC, in his official capacity as Director of the Division of Energy Employees
Occupational Illness Compensation Program of the United States Department of Labor,

       Defendants.

---

# ORDER

---

      This matter is before the court on several discovery motions brought by both sides to the

dispute.  The two primary issues are:  whether the defendants are required to produce documents

which would reveal personal health information and the identification of potential class

members, and; whether the defendants are entitled to explore the relationship between non-party

Professional Case Management, Inc. ("PCM"), a provider of home health services and the named

plaintiffs as well as other putative class members, all of whom are beneficiaries of government health care benefits allowing extensive in-home health care services under certain conditions.

"Defendants' Motion to Compel Act for Health, Inc. d/b/a Professional Case Management, Inc. to Comply with Subpoena and Produce Documents" [Doc. No. 86, filed August 5, 2008] seeks responses from non-party PCM pursuant to a subpoena dated May 15, 2008, related to requests for production of documents 2, 3, 4 and 5.  The requested documents concern:  PCM's practices regarding solicitation, recruitment and authorization of new patients; PCM's payment of plaintiffs' attorneys fees in this litigation; PCM's financial statements; and, previous testimony from PCM officials rendered in a different case.  PCM's objection was filed August 25, 2008 [Doc. No. 93] and Defendants replied in support on September 12, 2008 [Doc. No. 103].

"Defendants' Motion to Compel Responses to Interrogatories 1 and 2 of Defendants' First Set of Interrogatories Relating to Class Certification" [Doc. No. 88, filed August 7, 2008] seeks the quantity and nature of all communication between proposed class counsel and plaintiffs since January 1, 2008.  It does not seek the privileged substance of the communications.  Plaintiffs objected to this request [Doc. No. 92, filed August 25, 2008] and Defendants filed a Reply [Doc. No. 102, filed September 12, 2008].

"Plaintiffs' Motion to Compel Discovery Responses Related to Class Certification" [Doc. No. 90, filed August 14, 2008] seeks more complete responses to Interrogatories 1 - 4 of Plaintiffs First Set of Interrogatories Related to Class Certification and also to Requests for Production 3–6.  These discovery requests demand:  1) information about beneficiaries who

2

either received and/or requested home health care services and whether the beneficiaries were entitled to coverage of the costs of the home health care services; 2) whether the services were authorized by the administrators of the insurance program, and, if so, the length of the delay between the request and the approval of the services, and; 3) if services were authorized, whether the authorization was at the same level of care as was originally requested. The requests for production include a request for database information used in preparing other responses to the discovery requests as well as medical claim files. "Defendants' Opposition to Plaintiffs' Motion to Compel Discovery Responses Related to Class Certification" [Doc. No. 105] was filed September 15, 2008 and "Plaintiffs' Reply in Support of Motion to Compel Discovery Responses Related to Class Certification" [Doc. No. 117] was filed October 3, 2008.

### *Background*

Plaintiffs and other potential class members, as former government energy workers, are entitled to health benefits under a unique and extensive government insurance plan administered by the Defendants. The program is the Energy Employees Occupational Illness Compensation Program ("EEOICP"), which was created under the Energy Employees Occupational Illness Compensation Program Act, 42 U.S.C. § 7384, et seq., ("EEOICPA"). The EEOICP provides compensation and health care benefits for current and former employees of the United States Department of Energy and certain of its contractors and subcontractors who incurred illnesses as a result of exposure to radiation or other toxic substances at facilities covered under the statute. (Compl., Doc. No. 1.) Plaintiffs are beneficiaries of the EEOICP. Plaintiffs have previously

been determined to have covered illnesses and have claimed and received covered home health care services which were provided to them by PCM.

The plaintiffs claim that Defendants purposefully delay the processing and payment of physician ordered home health care services available to them under the EEOICP. They are seeking declaratory and injunctive relief. Plaintiffs are requesting certification to proceed as a class action brought pursuant to Fed. R. Civ. P. 23.[1] (Compl. ¶¶ 14–23.)

Defendants claim that in response to complaints, they began investigating the practices of PCM in the summer of 2006 with respect to the care of EEOICP beneficiaries. Defendants allege PCM employed and continues to employ aggressive recruitment practices toward EEOICP beneficiaries, which results in unwarranted physician requests for home health care services at unnecessarily high levels of care. Those extreme requests for home health care services, the Defendants allege, require the Department of Labor through the Division of EEOIC (DEEOIC) to carefully monitor the EEOICP beneficiaries who are receiving services provided by PCM.

As a result of the investigation, during the latter part of 2006 and early 2007, authorization for services and payments for approximately 120 beneficiaries of EEOICP benefits were significantly delayed and some services were not approved at the level of care requested. (Declaration of Peter M. Turcic, Director of DEEOIC), [Doc. No. 86-5, ¶ 4]. Defendants claim they undertook extraordinary actions during the spring of 2007 to correct this aberration in the

---

[1]The plaintiff was directed to file any motion for class certification on or before September 2, 2008 [Doc. No. 80]; the motion was filed. [Doc. No. 96]. Defendants have been granted until November 1, 2008 to file their response. [Doc. No. 115].

normal timely processing of EEOICP claims (*Id.* at ¶ 5) and issued new procedural guidance

containing detailed and specific procedures to be followed by DEEOIC with respect to the

provision of in-home health care services. (*Id.* at ¶ 18).

PCM is the largest single provider of home health care services to beneficiaries of the

EEOICP. Therefore, delays in payment for home health care services to EEOICP beneficiaries,

especially where services have already been undertaken, has a financial impact on PCM.

### *Standard of Review*

The scope of evidence that is subject to discovery under the federal rules is broad:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant
> to any party's claim or defense—including the existence, description, nature,
> custody, condition, and location of any documents or other tangible things and the
> identity and location of persons who know of any discoverable matter. For good
> cause, the court may order discovery of any matter relevant to the subject matter
> involved in the action. Relevant information need not be admissible at the trial if
> the discovery appears reasonably calculated to lead to the discovery of admissible
> evidence.

Fed. R. Civ. P 26(b)(1). "Limitations on the discovery process necessarily conflict with the 'the

fundamental principle that 'the public . . . has a right to every man's evidence.'" *Simpson v.*

*University of Colorado*, 220 F.R.D. 354, 356 (D. Colo. 2004) (citing *Trammel v. United States*,

445 U.S. 40, 50 (1980)). The court may, however, forbid the disclosure or discovery, specify

terms for the disclosure or discovery, forbid inquiry into certain matters, or limit the scope of

disclosure or discovery to certain matters to protect a party from undue burden and expense.

Fed. R. Civ. P. 26(c)(1).

Quoting the Advisory Committee Notes to Fed. R. Civ. P. 26, Colorado courts have noted that in some instances, relevancy is not always a barrier to production.

> [D]iscoverable information may include other incidents of the same type or involving the same product or information that could be used to impeach a likely witness, although not otherwise relevant to the claims or defenses.

*Klesch & Co. Ltd.*, 217 F.R.D. at 524 (addressing motion to compel production of documents responsive to a subpoena).

In this case, discovery is proceeding on both the issue of class certification and on the merits simultaneously. (See Joint Status Report, [Doc. No. 85, p. 2], "Discovery on the merits has also been served by plaintiffs on the defendants"). In addition to the merits discovery, then, the court must consider discovery requests to the extent necessary to explore the issue of class certification pursuant to Fed. R. Civ. P. 23.

The recognized need for pre-certification discovery is subject to limitations which may be imposed by the court, and any such limitations are within the sound discretion of the court. *Tracy v. Dean Witter Reynolds, Inc.*, 185 F.R.D. 303, 304 -305 (D. Colo. 1998). As stated by District Court Judge Edward Nottingham in that case,

> The discovery which is permitted should be sufficiently broad that the plaintiffs have a fair and realistic opportunity to obtain evidence which will meet the requirements of Rule 23, yet not so broad that the discovery efforts present an undue burden to the defendant. Discovery is not to be used as a weapon, nor must discovery on the merits be completed precedent to class certification.

*Id.*

To comply with the court's directives concerning the permissible boundaries of discovery at this stage, the discovery must relate to the Rule 23(a) requirements of: numerosity and

whether joinder might be a practical and manageable alternative to class action litigation;

commonality; typicality, or determining whether the plaintiffs' claims arise from the same course

of events and involves legal arguments similar to those of each class member; and, the adequacy

of representation both by the named plaintiffs represent the interests of the class and that class

counsel is qualified, experienced, and able to conduct the litigation in the interests of the class.

The court must evaluate each of the disputed requests for production "for purposes of

determining its potential relevance to one or more of these class certification issues." *In re*

*Pressure Sensitive Labelstock*, 226 F.R.D. 492, 495 (M.D. Pa. 2005).

### Defendants' Motion to Compel PCM [Doc. No. 86]

1.     **Request for Production No. 2** seeks documents since January 1, 2006, which

relate to PCM's recruitment of new patients who are potential beneficiaries of EEOICP.

Defendants claim this information is relevant because PCM's approach suggests "some sort of

contingency or commission arrangement [to get beneficiaries to sign up with PCM] that would

reflect an unusually aggressive approach for a health care provider to take with respect to

business generation." [Doc. No. 86 at 10]. Defendants also claim relevance because

> [D]efendants believe, based on their experience with cases involving PCM and
> their own communications with physicians, that PCM's documents are likely to
> show that PCM locates and identifies the prospective patient in the first instance,
> determines what level and amount of services it thinks the patient needs, and then
> arranges for a doctor to place his or her imprimatur on a determination that PCM
> has already made. PCM's policies and procedures concerning authorizations are
> thus necessary in order for the fact-finder to understand the full context behind
> PCM's provocative charge that the Department of Labor has "overridden doctor's
> orders."

*Id*. at 11.

This request for document production is directed at the merits of the case. The defendants maintain that PCM's practice of actively recruiting patients and submitting claims are what caused them to apply heightened review of PCM claims, resulting in delays in the approval of services and the resulting determinations that "certain services being requested for certain claimants were not medically necessary at the skill level originally requested. . . ." (*See, e.g.*, Answer ¶ 42). Those delays are an important part of the allegations against the defendants. While the discovery has little to do with the elements necessary for class certification, it is certainly relevant to the Department of Labor's defense and is, therefore, discoverable.

**Therefore, Defendants' Motion to Compel with Respect to Request for Production of Documents No. 2 is GRANTED.** PCM is directed to fully comply with this production request, subject to confidentiality designations[2], on or before November 10, 2008.

2. **Request for Production No. 3** seeks information about the amount of fees PCM has paid to the lawyers seeking to represent the class. Defendants argue that this information is relevant to the adequacy of representation of the class. Defendants believe PCM's counsel, the same counsel who represent the plaintiffs in this case, have a loyalty to PCM which might supercede any loyalty to the putative class members. Notably, PCM is not a member of the class but is undeniably an entity who will financially benefit from being paid more promptly for its services rendered to the plaintiffs and to class members should the court certify the class.

---

[2]PCM is directed to prepare a form of Protective Order to the extent it contends any documents or information to be produced are or should be subject to confidentiality designations. The Protective Order must be presented to the defendants for review and filed with the court together with an appropriate motion on or before October 29, 2008.

Rule 23(g) directs this court to consider all matters which may be germane to whether or not proposed class counsel, as well as named plaintiffs, are able to fairly and adequately protect the interests of the class. Since PCM is not a member of the class, if its interests conflict with those of the class, an issue could arise about the adequacy of the class counsel. In response, PCM claims that third party funding does not necessarily make PCM's interests antagonistic to the class. [Doc. No. 93 at 8]. However, it appears that the named Plaintiffs do not know how the litigation proceeding in their names is being funded; the court finds this to be a situation for which further investigation is warranted. [Doc. No. 86 at 15]. At this point it is not necessary to decide whether funding by PCM for this action creates an inherent conflict for class counsel. What is relevant, among other things, is discovery into whether PCM is funding the class action, how much money PCM has paid to the proposed class counsel, and how much money the law firm has received from PCM on other matters -- all issues with direct bearing on the loyalty interests of the proposed class counsel.

The Request for Production is clearly relevant pursuant to Fed. R. Civ. P. 23 and 26.

**Therefore, Defendants' Motion to Compel with Respect to Request for Production of Documents No. 3 is GRANTED.** Plaintiffs are directed to fully comply with this production request as to <u>non-privileged matters only</u>, on or before November 10, 2008.

3. **Request for Production No. 4** seeks financial statements from PCM for each quarterly and annual period since January 1, 2005. Defendants' primary claim to relevance of this information is the communication PCM sent to EEOICP beneficiaries during the delay in payments period beginning on or about November 2006, indicating the ailing beneficiaries'

home health services would be terminated by PCM because the Department of Labor was months behind in payment for services. [Doc. No. 86 at 19]. The defendants assert that PCM's claim that it would be "forced" to stop providing care to the beneficiaries might not be financially correct; they claim, rather, that PCM was simply "playing chicken" with the Department of Labor in a game designed to extract payment for services from the Department without regard to the psychological injury likely to be inflicted upon the putative class members. The defendants' claim is that this information relates again to the adequacy of representation issue and whether or not PCM's chosen and paid for counsel can act as class counsel and effectively represent the interests of the class members without conflict.

PCM argues that it was under no duty or obligation to continue to provide home health services in the absence of any compensation, without respect to whether or not PCM could afford to do so. PCM states that its "attempts to convince the defendants to comply with the EEOICPA and live up to its legal obligations represent good citizenship and were in no way 'playing chicken' with the Department of Labor." [Doc. No. 93 at 12].

The court agrees generally that PCM was not under a duty to provide nursing services in the absence of payment either from the patients or their insurance carriers. However, this is not the issue. The issue is whether or not PCM's decision to threaten beneficiaries of the EEOICP with removal of their in-home health care services put PCM in a position of conflict with presumptive class members such that the counsel chosen and paid for by PCM cannot adequately represent the interests of the class members. Whether PCM was indeed "forced" because of its own financial status to threaten the withdrawal of services or whether PCM simply chose to

issue the threat just to speed up the admittedly delayed approvals and payments, might be admissible evidence or lead to the discovery of admissible evidence concerning the adequacy of representation issue on class certification.  Fed. R. Civ. P. 26.

**Therefore, Defendants' Motion to Compel with Respect to Request for Production of Documents No. 4 is GRANTED in part**.  Plaintiffs are directed to provide financial statements for each quarterly and annual period beginning on January 1, 2005 through January 1, 2007.  Production shall be made on or before November 10, 2008.

4.      **Request for Production No. 5** seeks transcripts of depositions and all affidavits or declarations given by any officers, employees, or agents of PCM in District of Colorado federal case *Act for Health, Inc. v. Bridgmon*, Civil Action No. 07-cv-00437-REB-CBS.  In that case the plaintiff, PCM, represented by Holland & Hart, sued several former employees for breach of their Confidentiality and Non-Solicitation Agreements.  (Compl., Case No. 07-cv-00437-REB-CBS, ¶ 5).  At issue in the case were services rendered specifically to EEOICPA beneficiaries.  (Id. at ¶ 8).  PCM claimed

> 9.      PCM locates potentially eligible individuals across the country to assist them in enrolling and obtaining benefits through the EEOICPA program.  Once the claimants are enrolled, PCM provides the claimants with administrative support to complete the necessary paperwork, authorizations and administrative support functions required by the Department of Labor to obtain health care services and benefits to claimants.  Further PCM identifies, recruits and trains qualified health care providers within the locales where the claimants reside to provide the best in-home health care services to these seriously ill patients.  All of these functions involve a considerable investment of time, effort and money by

PCM. PCM, in turn, receives a fee from the Department of Labor for the home-health services it delivers to EEOICPA claimants.

*Id.* at ¶ 9. PCM alleged that three of their former nurse employees persuaded EEOICP beneficiary patients to request transfer from PCM to another home health care provider by whom the employees were then employed.

There is an undeniable link between relevant information in this case and information which might have been elicited through deposition and other discovery in the *Bridgmon* case. The attorneys who are representing the putative class members in this case, the EEOICP beneficiaries, are the same counsel who represented PCM in the *Bridgmon* case. One of PCM's claims was that it spent time, effort, and money recruiting EEOICPA potential beneficiaries, implicitly[3] before any physician had ordered home health care services for them. As noted, *infra,* this type of information likely is relevant to the merits of the case.

**Therefore, Defendants' Motion to Compel with Respect to Request for Production of Documents No. 5 is GRANTED.** Plaintiffs are directed to fully comply with this production request as to <u>non-privileged matters only</u>, on or before November 10, 2008.

### DEFENDANTS' MOTION TO COMPEL RESPONSES TO INTERROGATORIES 1 AND 2 [DOC. NO. 88]

Defendants have requested that the plaintiffs set forth each and every communication they have had with both their lawyers and with PCM employees about this lawsuit beginning January 1, 2007.

---

[3]PCM claimed, as noted above, that PCM "assist[s] them in enrolling and obtaining benefits through the EEOICPA program."

Although at first blush the information appears intrusive, in this case the defendants assert that the plaintiffs are not the "real" parties in interest. Defendants argue that PCM is the entity paying for the litigation and the entity who stands to gain if the plaintiffs are victorious. Therefore, such discovery, seeking as it does to expose a low level of participation by the named plaintiffs in the lawsuit is relevant to the class certification issue. However, deposition testimony, such as that already relied upon by the defendants to show the plaintiffs do not know who is paying for the litigation, would normally be adequate to provide the defendants with the evidence they seek. In this case, however, the plaintiffs do not dispute they have advised the defendants that several of the named plaintiffs are too ill to be deposed and have refused to allow a deposition by defendants.

**Therefore, Defendants' Motion to Compel Responses to Interrogatories 1 and 2 [Doc. No. 88] is GRANTED in part and DENIED in part**. As to any Plaintiff who has or will be subject to deposition by Defendants, the Motion is DENIED. As to any Plaintiff to which access for a deposition has been denied, the Motion to Compel is GRANTED and the plaintiffs are ORDERED to produce responses to Interrogatories 1 and 2, as to <u>non-privileged matters only</u>, on or before November 10, 2008.

### PLAINTIFFS' MOTION TO COMPEL [DOC. NO. 90]

Plaintiffs seek to compel certain information and documents from the defendants which they claim is related to the issues of class certification. As an initial matter, the court notes that much of the information sought by the plaintiffs is already in the possession of PCM because PCM is the home health care provider for many of the potential members of the class.

1.     **Interrogatory No. 1** requests the defendants identify "all other EEOICPA beneficiaries currently receiving in-home health care services that were reviewed per the Turcic Declaration ¶ 2, and beneficiaries who had requested authorization for in-home health care services" that were considered in the Turcic Declaration ¶ 4.

The Declaration of Peter M. Turcic ("Turcic Declaration" [Doc. No. 12-3]) asserts that Mr. Turcic, as Director of the DEEOIC, ordered a review of the case records for the EEOICP claims of the named plaintiffs and "of all other EEOICPA beneficiaries currently receiving in-home health care services." (*Id.* ¶ 2).   Paragraph 4 of the Turcic Declaration references "approximately 120 clients of that particular provider [PCM]" who were subjected to an increased level of review by DEEOIC claims staff.

The defendants responded to Interrogatory No. 1, stating that the review referenced by Turcic consisted of 123 records in addition to the case records of the named Plaintiffs, all PCM clients.  [Doc. No. 90 at 4].  The defendants resist providing additional information about the 123 case file reviews because personal identifying information as to potential additional members of the class is not discoverable at this stage of the proceedings.  The plaintiffs appear to have withdrawn their request for personal and identification.  [Reply, Doc. No. 117 at 2].  The court is therefore unsure exactly what the plaintiffs are continuing to request.

However, Defendants have propounded and filed the Turcic Declaration and therefore have within their knowledge exactly which "case records" were reviewed as a result of Mr. Turcic's directive.  At this stage, therefore, it is appropriate to give those case records a unique numerical designation for future identification purposes.

**Therefore, Plaintiffs' Motion to Compel with Respect to Interrogatory No. 1 is GRANTED in part**. Defendants are ORDERED, on or before November 10, 2008, to list the case records Mr. Turcic caused to be reviewed in Turcic Declaration in ¶¶ 2 and 4, identifying each case record by a unique number rather than by name of the EEOICPA beneficiary, thereby safeguarding personal information. If any of the case files listed involved a home health care provider other than PCM, the defendants will so indicate.

      2. **Interrogatory No. 2** seeks the name and other contact information for "all EEOICPA qualified former energy workers who are entitled or who may become entitled in the future, to receive home health care nursing services." Plaintiffs have not withdrawn this interrogatory even though they clearly have stated they do not seek such identification information. Again, it is unclear to the court exactly what information remains, outside of the identification and personal information which would be responsive to the interrogatory. What is clear, is that the information about persons "who may become entitled in the future to receive home health care nursing services" is vague and overbroad.

      The defendants have responded to Interrogatory No. 2 with numerical totals for the patients who are currently authorized to receive home health benefits and with the number of beneficiaries who have a compensable illness which <u>may</u> entitle them to home health benefits in the future if determined to be medically necessary. The plaintiffs have specifically agreed to forego any requests for information pertaining to the 10,542 individuals who have been determined to have a compensable illness under the EEOICP but who have not filed for home health care benefits. [Doc. No. 90, ftn. 3 at 12].

The court finds the information provided by Defendants to be adequate at this time to allow the plaintiffs to present argument on the class action components of numerosity, commonality, and the adequacy of representation both by the named Plaintiffs and class counsel. However, for clarity, the court also finds that identifying the 250 EEOICP beneficiaries by a unique identifying number is desirable for the same reasons as set forth in this Order with respect to Interrogatory No. 1.

**Therefore, Plaintiffs' Motion to Compel with Respect to Interrogatory No. 2 is GRANTED in part.** Defendants are ORDERED, on or before November 10, 2008, to list the 250 EEOICP beneficiaries who are currently authorized to receive in-home health care benefits as set forth in their response to Interrogatory No. 2[4], identifying each beneficiary by a unique number rather than by name of the EEOICP beneficiary, thereby safeguarding personal information. To the extent any of the beneficiaries identified in this response are the same beneficiaries whose case records are listed in response to Interrogatory No. 1 above, the numerical identifier shall be the same to allow plaintiffs to readily calculate beneficiaries whose information and files are responsive to both interrogatories. Additionally, if any of the beneficiaries numerically identified in this response are patients or clients of a home health care provider other than PCM, the defendants will so indicate.

3. **Interrogatory No. 3** seeks five categories of information with respect to the 123 case records reviewed in the Turcic Declaration ¶¶ 2 and 4 (the list of case records to be

---

[4]This information was gathered as of May 19, 2008.

identified by numerical designation as set forth in this Order with respect to Interrogatory No. 1) as well as for the 250 EEOICP beneficiaries who are currently authorized to receive in-home health care benefits (the list of beneficiaries to be identified by numerical designation as set forth in this Order with respect to Interrogatory No. 2). The information sought by the plaintiffs as to each person is: 1) whether the beneficiary was requesting "new authorization" for in-home health care services; 2) the amount of time taken by the defendants to respond to each request; 3) when authorization was provided; 4) whether each request was approved at the full level requested or some lesser level; and, 5) whether the beneficiary was requesting care from PCM or a different provider.

The plaintiffs' interrogatory is not limited by a specific time frame and to that extent is overbroad. Further, the request does not ask for "instances" or "claims" for the provision of home health care services – it asks for information as to "each person." Defendants argue that any given beneficiary could have had several claims for in-home health care services at different times and for different levels of services.

Unquestionably, the information sought by the plaintiffs will require the defendants to search through beneficiary medical records. Presumably, some of the 123 case records identified in response to Interrogatory No. 1 (all beneficiaries who were receiving home health services from PCM in the latter part of 2006) will be contained in the 250 current beneficiaries receiving home health care identified in Interrogatory No. 2. Therefore, the maximum number of files to be reviewed would be 373, and likely will be below that number.

Additionally, to the extent that PCM is the provider of the in-home health care for many of the maximum 373 beneficiaries, the information sought is as easily retrieved by PCM from its files as it is by the defendants. Given the relationship between PCM and the named Plaintiffs in the case and the fact it appears that PCM may actually be funding this litigation, it is appropriate to limit discovery from the defendants to information and materials that are not reasonably likely to be within the possession, custody, or control of PCM.

Taking out the beneficiaries who are or were patients of PCM from the total number of the files which would need to be searched to retrieve the requested information, the court finds the burden on the defendants is not unreasonably large since the information requested goes to the heart of both the class certification issues and the merits of the case and is highly relevant. When balancing the need of the plaintiffs for the information not already in PCM's possession against the burden upon the defendants in gathering and producing the information, the scales tip in favor of production.

**Therefore, Plaintiffs' Motion to Compel Responses to Interrogatory No. 3 is GRANTED in part:**

a. For the 123 case records reviewed in the Turcic Declaration ¶¶ 2 and 4 (the list of case records to be identified by numerical designation as Ordered herein with respect to Interrogatory No. 1) and for the 250 EEOICPA beneficiaries who are currently authorized to receive in-home health care benefits set forth in the defendants' response to Interrogatory No. 2, the defendants are directed to list, by numerical designation to protect the personal information

of the beneficiaries, those beneficiaries who are <u>not</u> receiving their in-home health care services from PCM.

      b.    As to those beneficiaries listed in subpart (a), for each and every claim for in-home health care services submitted from January 1, 2006 through present, the defendants shall provide to the plaintiffs the following information:

      1.    The date of each claim for in-home health care services and whether that claim was for initial in-home health care services or for continued or subsequent services;

      2.    For each claim identified, the amount of time which elapsed between the date of the claim and defendants first response;

      3.    For each claim identified, the date when authorization for services was provided or denied; and

      4.    For each claim identified, whether the claim was approved at the full level of services requested or some lesser level.

    4.    **Interrogatory No. 4** requests information about in-home health care authorizations approved by the Department of Labor and does not limit the information to administration of the EEOICPA.  The interrogatory is therefore, both vague and overbroad. Additionally, to the extent the interrogatory is limited to beneficiaries of the EEOICPA, the interrogatory will be fully answered as to non-PCM patients by the responses pursuant to the court's orders *infra*.

**Therefore, the Motion to Compel Further Responses to Interrogatory No. 4 is DENIED.**

5.  **Request for Production No. 3** seeks documents referred to or relied upon in answering any of the Plaintiff's First Set of Interrogatories.  Responding to this request would require the production of beneficiary medical and claim files or would require the production of the raw data collected through the database reports.  Disclosure of these files and database information which contain personal and private medical and identification data is not warranted at this time.  *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978); *Shushan v. University of Colorado,* 132 F.R.D. 263, 268 (D. Colo. 1990).  To the extent the request calls for production of database information not in a specified report format, that information is overbroad and irrelevant.

**Therefore, the Motion to Compel Responses to Request for Production No. 3 is DENIED.**

6.  **Request for Production No. 4** seeks documentary and electronic evidence which refers to the impact of suspensions or delays of payments and service authorizations on EEOICP beneficiaries or their health care providers.  The request does not set forth a time period for the "suspensions or delays."  Nor does the request itself limit the "suspensions or delays" to claims for home health care services, although the plaintiffs later clarify in the Motion to Compel that they have agreed that both requests for productions no. 4 and no. 5 relate only to home health care benefits. [Doc. No. 90 at 14].  Even considering that limitation, the request is overbroad.

**Therefore, the Motion to Compel Responses to Request for Production No. 4 is DENIED.**

7.      **Request for Production No. 5** seeks non-privileged Department of Labor documents, emails, memoranda and reports referencing this lawsuit and/or the facts underlying it, including any communications with EEOICP beneficiaries or their providers.  Defendants object to this request on the grounds it is vague, ambiguous, overbroad and unduly burdensome. Additionally, Defendants claim they have already produced documents which are responsive to the request.  [Doc. No. 90, Response of Defendants to Request No. 6, at 10]  The court agrees that the request for "all" documents referencing both the lawsuit and all the "facts underlying it" is extremely vague and unduly burdensome.  The defendants have also stated, without waiving their objections, that they are searching for documents wherein the Department of Labor has communicated with EEOICPA beneficiaries or their health care providers about this lawsuit and will produce the same if found.

**Therefore, the Motion to Compel with Respect to Request for Production of Documents No. 5 is DENIED as moot**.

8.      **Request for Production No. 6** seeks documents regarding the files that are the subject matter of Request for Production No. 1.  Again, as discussed *infra*, the personal and identifying information for the beneficiaries will not be disclosed at this time.  The personal medical claim files of EEOICP beneficiaries who are not now parties to the case are irrelevant unless class action certification is granted.  The files are also irrelevant at this time to substantiate

21

the elements of class certification, e.g. numerosity, typicality/commonality and adequacy of representation of named Plaintiffs and class counsel.

**Therefore, the Motion to Compel with Respect to Request for Production of Documents No. 6 is DENIED**.

Dated this 23rd day of October, 2008.

**BY THE COURT:**

_____

Kathleen M. Tafoya
United States Magistrate Judge